IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02187-BNB

ROBERT A. GREENWOOD,

    Plaintiff,

v.

SHERIFF TERRY MAKETA,
LT. HEINLE, EID #90022,
COMMANDER R. KING, EID # 88010,
PROGRAMS MANAGER FRAN LAPAGE,
COMMANDER WILLIAM C. MISTRETTA, EID #74001,
A. BRIGHT, Aramark,
LT. BRANDT, EID #95011, and
OFFICER NRW, EID #05038, et al.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 23 2010

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Robert A. Greenwood, currently is incarcerated at the El Paso County Jail in Colorado Springs, Colorado. He filed *pro se* a complaint for declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA). He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

The Court must construe Mr. Greenwood's filings liberally because he is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Greenwood will be ordered to file an amended complaint.

In his first claim, Mr. Greenwood is suing Sheriff Terry Maketa and Commander William C. Mistretta for enforcing the jail's "post-card only policy" for personal mail. He contends that the policy violates his rights under the First Amendment free exercise clause, the Eighth Amendment prohibition against cruel and unusual punishment, the Fourteenth Amendment due process clause, and RLUIPA. Mr. Greenwood alleges that he is a practicing Muslim. He complains that he is unable to practice his religion or exercise his free speech rights because the postcard-only policy does not allow him to mail religious study guides or discuss sensitive and confidential information. He also is suing Lieutenant Heinle and Commander R. King for denying his grievances concerning the postcard-only policy.

Mr. Greenwood's second claim is confusing. In his second claim, he contends he is being denied a religious diet and forced to participate in Ramadan in violation of his rights under the First Amendment establishment and free exercise clauses, the Eighth Amendment prohibition against cruel and unusual punishment, the Fourteenth Amendment due process and equal protection clauses, and RLUIPA. Mr. Greenwood alleges that he requires a kosher diet in order to observe Islamic dietary laws. He also alleges that he signed a document asking to participate in Ramadan, the Islamic month of fasting, which stated that, once he signed up to participate in the fast associated with Ramadan, he would not be allowed to be removed as a participant until after the completion of Ramadan. He is suing Fran Lapage for refusing to remove him from the list for Ramadan and for not providing him with kosher meals. He also is suing A. Bright, Fran Lapage, Lieutenant Brandt, Officer NRW, and Deputy White, who is not

named as a defendant in the caption to the complaint, for denying grievances concerning his kosher diet and the refusal to remove him from the Ramadan list.

Mr. Greenwood's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Greenwood to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

3

Mr. Greenwood fails to set forth a short and plain statement of his claims showing that he is entitled to relief.  Instead, he sets forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." **New Home Appliance Ctr., Inc., v. Thompson**, 250 F.2d 881, 883 (10th Cir. 1957).  In addition, he asserts constitutional violations without explaining how his constitutional rights were violated.  For example, in his second claim, he asserts a violation of his equal protection and due process rights but fails to make any factual allegations in support of such claims.  Merely making the vague and conclusory allegation that his constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the Court construes such pleadings.  See **Ketchum v. Cruz**, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

As a result, the Court finds that the complaint is verbose and vague.  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Greenwood will be directed to file an amended complaint that complies with the pleading requirements of Rule 8 and that asserts all the claims against all the defendants he intends to sue.  Mr. Greenwood is reminded that it is his responsibility to list each defendant in the caption to the amended complaint, and to present his claims

4

in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

In the amended complaint he will be directed to file, Mr. Greenwood must assert personal participation by each named defendant. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Greenwood must show how the named defendants caused a deprivation of his federal rights. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Greenwood may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Greenwood uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Greenwood, therefore, will be directed to file an amended complaint that is on the Court-approved complaint form and asserts clearly and concisely his claims, what rights were violated, and specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

5

ORDERED that Plaintiff, Robert A. Greenwood, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Greenwood, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form, one of which is to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Greenwood fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 22nd day of November, 2010.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02187-BNB

Robert A. Greenwood
Prisoner No. 00172257
Criminal Justice Center
2739 E. Las Vegas Street
Colorado Springs, CO 80906

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 11/23/10

GREGORY C. LANGHAM, CLERK

By: _____
     Deputy Clerk