FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 03 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02187-BNB

ROBERT A. GREENWOOD,

    Plaintiff,

v.

SHERIFF TERRY MAKETA,
LT. HEINLE, EID #90022,
COMMANDER R. KING, EID #88010,
PROGRAMS MANAGER FRANK LAPAGE,
COMMANDER WILLIAM C. MISTRETTA, EID #74001,
ABRIGHT, Aramark, and
LT. BRANDT, EID #95011, et al.,

    Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND MAGISTRATE JUDGE

Plaintiff, Robert A. Greenwood, currently is incarcerated at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. He filed *pro se* an amended complaint for declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA).

Mr. Greenwood has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that

clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe Mr. Greenwood's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

Mr. Greenwood asserts two claims. As his first claim, he complains about the jail's postcard-only policy, which provides that, effective July 22, 2010, all outgoing personal letter writing materials consist of 4 x 6-inch postcards. He contends that this policy violates his rights to free speech and the free exercise of his religion because (1) he is unable to mail out religious study guides for his long-distance religious study course and (2) he wants to communicate privately with his family about court proceedings and his medical conditions and he is embarrassed to discuss on a postcard what he considers to be sensitive and confidential information. He is suing Sheriff Terry Maketa and Commander William C. Mistretta for enforcing the postcard-only policy, and Lieutenant Heinle and R. King for their responses to his grievances concerning the policy.

The same day he submitted his amended complaint, Mr. Greenwood also submitted a separate document indicating that the El Paso County Sheriff's Department, effective December 2010, revised its personal outgoing inmate mail procedures to

provide inmates with sealable envelopes and blank writing paper. However, Mr. Greenwood contends he has not yet obtained relief for his first claim.

As his second claim, he complains that his right to the free exercise of his religion is being violated because, despite his switch from the Christian to the Muslim faith, he is being forced to eat non-kosher meals and was not allowed to be removed from the "Ramadan list." Amended complaint at 5. He is suing Fran Lapage, who allegedly forced him to eat non-kosher meals and refused to remove him from the Ramadan list. He is suing Defendant Abright for placing non-kosher items in his kosher meals. He is suing Lieutenant Brandt for his response to a grievance concerning his removal from the Ramadan list.

Mr. Greenwood's claims against Lieutenant Heinle, R. King, and Lieutenant Brandt concerning their responses to the grievances he filed must be dismissed. Mr. Greenwood's allegations against these Defendants fail to establish their personal participation in the alleged constitutional violations. In the order for an amended complaint dated November 23, 2011, Mr Greenwood was warned by Magistrate Judge Boland that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Moreover, the United States Court of Appeals for the Tenth Circuit repeatedly has noted "that 'the denial of . . . grievances alone is insufficient to establish personal participation in the alleged constitutional violations'" of other defendants. *Whitington v. Ortiz*, 307 Fed. Appx. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished decision) (quoting *Larson v. Meek*, 240 Fed. Appx. 777, 780 (10th Cir. June 14, 2007) (unpublished decision)).

Because Mr. Greenwood fails to assert that Defendants Heinle, King, and Brandt personally participated in violating his constitutional rights, the claims against them will be dismissed as legally frivolous pursuant to § 1915(e)(2)(B). The claims against the remaining Defendants and the case will be drawn to a district judge and a magistrate judge.

Accordingly, it is

ORDERED that the complaint is dismissed in part and drawn in part. It is

FURTHER ORDERED that the claims asserted against Defendants Lieutenant Heinle, R. King, and Lieutenant Brandt are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that the clerk of the Court is directed to remove the names of Lieutenant Heinle, R. King, and Lieutenant Brandt from this action. It is

FURTHER ORDERED that the claims asserted against the remaining Defendants and the case are drawn to a district judge and a magistrate judge.

DATED at Denver, Colorado, this __3rd__ day of ____March____, 2011.

BY THE COURT:

   __s/Lewis T. Babcock__
   LEWIS T. BABCOCK
   Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02187-BNB

Robert A. Greenwood
Prisoner No. A00172257
El Paso County Criminal Justice Center
2739 E. Las Vegas Street
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on March 3, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk